SHORT RECORD
NO. 23-1089
FILED 01/12/2023

Notice of Appeal January 8th, 2022

Plaintiff

United States of America

Prosecutor: Alexanderia Burns

VS          Case # C21-CR-30068-SPM-1

Defendant

Pro Se

Joseph Counts

Counts hereby appeals to the Seventh

Circuit Court of Appeals, from an order

issued on January 3rd, 2022, from Judge

Stephen P. McGlynn of the Southern District

of Illinois, ordering a mental health evaluation.

Pg 1

Notice of Appeal   January 8th, 2022

In addition, the detention order of

September 13th or 14th, 2022 (Doc. 80)

Counts also seeks review of.

Certification of Service:

Pursuant to rule, a copy
has been sent for the
prosecutor.

Jefferson County Jail
911 Casey Ave
Mt. Vernon, IL 62864
1-8-22

Joseph Counts   1-8-22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-CR-30068-1** |
| | ) | |
| **JOSEPH P. COUNTS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case is before the Court on Defendant Joseph P. Counts' motion for bond (Doc. 64). In short, the Defendant, who was initially ordered detained by this Court on May 17, 2021 (Doc. 11) contends that there is new information, which was not known to the Defendant at the time of his initial detention hearing, and which has a material bearing on the issue of detention. *See* 18 U.S.C. 3142(f)(2) (providing that a detention hearing may be "reopened" by the judicial officer, at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of detention). The motion was filed on July 25, 2022 and the Court scheduled a hearing on Defendant's motion on August 15, 2022. On August 15, Counsel for the Defendant moved for a continuance and asked for additional time to prepare for the hearing. The Court granted the motion and set the hearing one week later, on August 22, 2022. For the reasons delineated below, the Defendant's motion for bond (Doc. 64) is denied. The Court remains convinced that there

1

is no condition or combination of conditions that will reasonably assure the safety of the community.

By way of background, the Defendant was charged by way of Criminal Complaint with Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Doc. 1). The Defendant first appeared on May 11, 2021 for an Initial Appearance. Present on behalf of the Defendant was an attorney named David Ferman, who represented to the Court that he had been retained by Defendant to represent him in this case (Doc. 9). However, Mr. Ferman was not admitted generally in this Court nor had he completed the process of being admitted Pro Hac Vice (Doc. 9). Accordingly, the case was continued until May 17, 2021 to allow Mr. Ferman to complete his paperwork and get admitted (Doc. 9).

On May 17, 2021, however, Mr. Ferman again appeared, and had not completed all of the requisite paperwork to be admitted Pro Hac Vice. As best the Court can recall, Mr. Ferman represented to the Court in an off the record discussion that he was having trouble compiling all of his paperwork as a result of a recent departure or turnover in his support staff. At this juncture, the Court was concerned with the amount of time the Defendant had been temporarily detained without an Initial Appearance and detention hearing. But this delay was attributable to the lawyer the Defendant chose to retain to represent him. The Court was mindful of the Sixth Amendment's right to counsel in a criminal case and a defendant's right to retain counsel of his choosing (or ask that one be appointed for him) pursuant to Federal Rule of Criminal Procedure 5. Accordingly, the Court allowed Mr. Ferman to proceed with the Initial Appearance and Detention Hearing

2

on May 17, 2021, with the understanding that this Court was ordering him to complete his paperwork immediately after the hearing and get admitted. [1]

Prior to the May 17, 2021 detention hearing, the Pretrial Services Office had prepared a detailed bail report.[2] Counsel for the Government and Mr. Ferman each argued their respective positions. The Court ruled on the record on May 17, 2021 and ordered the Defendant detained (Doc. 11).

Fast forward now to August 15, 2022, the Defendant's motion for bond is primarily based on three considerations. First, Defendant claims that Mr. Ferman was not admitted in this Court at the time of the detention hearing; second that Mr. Ferman had been retained immediately prior to the detention hearing and did not have a sufficient amount of time to investigate pending criminal matters against the Defendant, and third, that the State of Maine will not extradite Defendant if he was released on bond (he still has an active warrant out of Maine).

The Court notes that this was the first it had learned that Mr. Ferman failed to comply with this Court's Order to complete his admission paperwork. At that time, the

---

[1] Given the background of the case to date, the Court did not have the benefit of time to research whether it would run afoul of the Sixth Amendment and Rule 5 if it refused to allow Mr. Ferman, Defendant's retained attorney, to participate in the Initial Appearance and detention hearing. Mr. Ferman was an attorney, licensed and in good standing in the State of Missouri and in the United States District Court, Eastern District of Missouri. So the Court had little doubt, at that time, that Mr. Ferman would have trouble completing the paperwork and getting admitted in this Court. Moreover, the Court did not wish to foist a Federal Public Defender on the Defendant (in place of Mr. Ferman) to argue his detention hearing. And so, under this set of circumstances, the Court pursued the course of action that it did and allowed Mr. Ferman to argue the detention hearing with the understanding that he was ordered to complete his paperwork afterward.

[2] The Pretrial Services Report was six pages in length. The Pretrial Services Office's recommendation, which of course is not binding on the Court, was that the Defendant be detained. The Court also notes the Pretrial Services Report was completed on May 10, 2021 at 2:00 p.m. and would have been provided to all counsel of record via e-mail.

undersigned assumed that an officer of the Court would comply with its directive and this Court went on about its business, managing its docket.

In preparing for this motion hearing, the Court learned that Mr. Ferman submitted the fee required for Pro Hac Vice admission and some of the paperwork. However, when the Clerk's Office followed up with Mr. Ferman, the office was informed by Mr. Ferman that he no longer represented the Defendant. The Defendant was ultimately indicted by a grand jury. At the Arraignment on his Indictment an Assistant Federal Public Defender appeared, but the Defendant informed the Court (then the duty Magistrate Judge – Judge Sison) that he had retained current counsel, Mr. Jeffrey Goldfarb, to represent him (Doc. 18). Mr. Goldfarb filed an entry of appearance on June 9, 2021, and a Waiver of Personal Appearance at Arraignment on June 18, 2021.

Other than the fact that the State of Maine will not extradite Defendant, the Court is skeptical that any of the other information the Defendant relies on is truly new material that was not known to the Defendant at the time of the detention hearing. Presumably, Mr. Ferman informed the Defendant why the very first setting in this case had to be continued (*i.e.* because Mr. Ferman was not admitted) (*See* Doc. 9). But the Court learned at the August 22nd hearing that Mr. Ferman has since passed away and so we will never know. As to whether Defendant's counsel had adequate time to investigate and prepare for the hearing, he had the benefit of a detailed Pretrial Services Report as early as May 10, 2021 (*See* Ex. 1, Pretrial Services Report)[3]. The detention hearing occurred on May 17,

---

[3] Because of the confidential and sensitive nature of the information contained in the Pretrial Services Report (which is normally not filed on the docket), this document as well as the Addendum will be sealed.

4

2021. Thus, there was a full week's time for counsel to investigate the Pretrial Report and prepare for a hearing. Nevertheless, because of the unique set of circumstances presented by this case, the Court will reopen the issue of detention and has considered the new arguments made by counsel. But, as outlined below, the Court remains convinced that its decision to detain was correct. In fact, the passage of time has not been helpful to Defendant's argument for release; it has further confirmed that detention was necessary.

In turning to the facts applicable to detention and the considerations the Court must weigh, the Court first notes that the Defendant's criminal history is outlined in both the Pretrial Services Report and an Addendum to the Report (*See* Ex. 2, Addendum). The Defendant has two convictions for Operating Under the Influence (the second of which he failed to appear for sentencing in the State of Maine). He has multiple charges for Domestic Violence Assault, one of which he entered a plea of guilty and received a deferred disposition on. Another Domestic Violence charge he pleaded guilty to, but the conviction was later vacated and he pleaded guilty to Reckless Conduct. There are multiple instances where he was charged with or convicted for violating a condition of his release. While the criminal history of the Defendant is not perfect, it is also not the worst this Court has ever seen. Ultimately, it is the Defendant's criminal history *combined* with all of the other evidence the Government has provided surrounding the nature and circumstances of the Defendant's arrest, and the multiple concerning instances that have transpired since his arrest that convince this Court detention is necessary.

In considering the nature and circumstances of the offense charged, *see* 18 U.S.C. § 1342(g)(1), the Defendant is charged with Possession of an Unregistered Firearm in

5

violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Police officers first encountered the Defendant at approximately 1:30 A.M. on April 26, 2021, because his vehicle had traveled off the roadway in East St. Louis and was stuck on a pile of rock. In the officer's interaction with the Defendant, all of which is captured on dash camera video footage, the Defendant can be seen with a phone in his hand and is heard telling the officer that he is trying to get a tow truck. At a point early on in the interaction, the officer seeks to confirm whether the Defendant is armed, and the Defendant does in fact confirm that he is armed (at one point the Defendant raises his shirt to display the firearm, which was holstered on his belt). The officer gave commands for the Defendant to put his hands on the front of the car or to turn around and he consistently refused.

The Court viewed the dash camera footage and watched the entire video. The Court will not recount the entire three hours of footage here in this Order. But, the Court can say that what transpired over that time period was an interaction, that was difficult to watch, given Defendant's behavior and inexplicable refusal to comply with the commands he was being given by law enforcement.

It was Defendant's behavior that ultimately escalated the situation. A second officer arrived on scene, the first officer informed the second officer the Defendant was armed and then the Defendant began back pedaling and pulled his gun out of the holster, which then caused the two officers to draw their weapons. Ultimately, the Defendant then went back to his vehicle with his gun still drawn.[4] The Defendant can be heard

---

[4] This all begins to transpire around the 15 minute mark in the first video.

6

yelling at the officers that they lied to him. What happened next was an hours long standoff with police. At times, he was belligerent, erratic, and unhinged. When given commands to raise his hands in the air or to stop, he would  refuse. He yelled and screamed things at the officers. The video footage that the Court reviewed paints a concerning and quite frankly a disturbing image of the Defendant and his ability to respond to direction or instruction. Certainly, this was a volatile situation that transpired in the early morning hours, but at any instant, the Defendant could have de-escalated the situation by abiding by an instruction or a command from law enforcement. He failed to do so for hours.

Ultimately, the Defendant was taken into custody. A search of the Defendant revealed that the gun he had holstered - and had pulled on police officers - was a Glock, Model 22 .40 Caliber Pistol, with a live round in the chamber and a magazine loaded with 15 live rounds (Doc. 1). The unregistered firearm for which the Defendant was charged, was described as a Black Out Caliber Rifle, with a barrel less than 16 inches in length (which triggers certain registration requirements) located in his vehicle with one live round in the chamber and 30 live rounds in the magazine (Doc. 1). This firearm was located in the center row on the passenger seat of the vehicle. The search also revealed numerous other firearms and magazines loaded with live rounds (Doc. 1).

The Defendant has also been charged in St. Clair County for his stand off with police on that night. He has been charged with several counts of Unlawful Use of Weapons and Resisting a Police Officer (*See* Ex.'s 1, 2). After he was released on bond by the state court for these felony offenses, he returned to his residence in Missouri and

began contacting neighbors through Facebook and asking these individuals to purchase firearms for him (all of the guns in his vehicle had been seized). Ultimately, two different neighbors contacted law enforcement out of concern for the Defendant's behavior in trying to obtain more guns. One of the neighbors who reported the Defendant's behavior did so because the Defendant indicated he wanted a gun to kill his ex-wife.[5] This behavior, is concerning, to say the least and further indicates to this Court that the Defendant's erratic and belligerent behavior on the night in question was not just a one time isolated incident. This concerning behavior also occurred while the Defendant was released on bond in the state court case.

During the detention hearing, the Government also noted that an individual in Missouri had secured an Order of Protection against the Defendant while he has been in custody. As the Government tells it, while in custody, the Defendant began contacting a woman who he has not interacted with in 18 years. The Pretrial Services Report also contained information on the circumstances surrounding the Order of Protection. The Defendant sent 59 text messages[6] and made 11 phone calls to the petitioner while in custody. When the state court in Missouri entered the Order of Protection against the Defendant, he responded by filing a motion for sanctions against the petitioner, asking the Court to order the petitioner to go out to dinner with him. The circumstances

---

[5] At the detention hearing, the Government proffered that the Defendant's ex-wife has secured multiple orders of protection against him in the State of Maine. These orders of protection are not noted in the Pretrial Services Report (presumably because they are civil in nature), but Defendant did not dispute or take issue with this during the detention hearing.

[6] The Court was surprised to learn that it was possible to send a text message while detained in a county jail.

surrounding the Order of Protection again paint a picture of an individual that is erratic, belligerent, and dangerous. And again, this behavior was occurring while the Defendant was detained in a county jail.

Finally, the Court notes that during the detention hearing, the Defendant requested to address the Court. Before doing so, the Court reminded the Defendant of his right to not make a statement, of the potential consequences of making a statement in open Court and provided him ample opportunity to discuss the potential legal ramifications for doing so. Nevertheless, the Defendant insisted. What followed was an incoherent lecture from the Defendant about the Supreme Court jurisprudence that he believed was most relevant for this Court to consider. The Defendant also blamed his criminal history on the State of Maine, rather than his own decisions and conduct. When discussing his personal characteristics, the Defendant attempted to paint a rosy picture of himself, claiming to be an individual who works for free for his neighbors, has plans to join a church and get involved in politics if released, and to be the guy you see trying to "rescue puppies that are running on the highway." The Court did not find the Defendant's legal arguments persuasive. Nor did the Court find the Defendant's personal account of himself convincing.

For all of the reasons outlined above, and all of the reasons provided on the record at the detention hearing, the Court concludes that there is no combination of conditions the Court could impose that will reasonably assure the safety of the community. The Defendant's motion for bond is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 13, 2022**

s/Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

ANB,APPEAL,PSYEXM

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CRIMINAL DOCKET FOR CASE #: 3:21–cr–30068–SPM All Defendants

Case title: USA v. Counts

Magistrate judge case number:  3:21–mj–07055–MAB

Date Filed: 05/18/2021

Assigned to: Judge Stephen P.
McGlynn

Appeals court case number:
22–2116

### Defendant (1)

**Joseph P. Counts**
JEFFERSON COUNTY JUSTICE
CENTER
911 Casey Avenue
Mt Vernon, IL 62864

represented by **Jeffrey A. Goldfarb**
Goldfarb Law Group, LLC.
230 S. Bemiston, Suite 1200
Clayton, MO 63105
314–229–1028
Fax: 314–439–1998
Email: jeff@314law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts
26:5841, 5861(d), and 5871
Possession of an Unregistered
Firearm
(1)

### Disposition

### Highest Offense Level (Opening)
Felony

### Terminated Counts
None

### Disposition

### Highest Offense Level
### (Terminated)
None

### Complaints
26:5861(d) – Possession of an
Unregistered Firearm

### Disposition

### Plaintiff

**USA**

represented by **Alexandria M. Burns**
U.S. Attorney's Office – Fairview Heights
9 Executive Drive
Fairview Heights, IL 62208

618−628−3700
Fax: 618−628−3796
Email: alexandria.burns@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Kimberly S. Arshi**
U.S. Attorney's Office − Fairview Heights
9 Executive Drive
Fairview Heights, IL 62208
618−622−3870
Email: kimberly.arshi@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2021 | | NOTICE: At the direction of the Judicial Conference of the United States, all plea agreements and sentencing memoranda contain a sealed supplement which is either a statement that there is cooperation, or a statement that there is no cooperation, and, as a result, it is not possible to determine from examination of docket entries whether a defendant did or did not cooperate with the government. (jlm) [3:21−mj−07055−MAB] (Entered: 05/05/2021) |
| 05/05/2021 | 1 | COMPLAINT as to Joseph P. Counts. (jlm) [3:21−mj−07055−MAB] (Entered: 05/05/2021) |
| 05/05/2021 | 3 | Arrest Warrant Issued as to Joseph P. Counts. (jlm) [3:21−mj−07055−MAB] (Entered: 05/05/2021) |
| 05/06/2021 | 4 | NOTICE OF IN−PERSON HEARING as to Joseph P. Counts: Initial Appearance set for 5/11/2021 at 11:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. (lmt)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. [3:21−mj−07055−MAB] (Entered: 05/06/2021) |
| 05/06/2021 | 5 | NOTICE OF CANCELLATION OF HEARING as to Joseph P. Counts. The Initial Appearance set for 5/11/2021 is CANCELLED. (lmt)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. [3:21−mj−07055−MAB] (Entered: 05/06/2021) |
| 05/06/2021 | | Arrest of Joseph P. Counts. (lmt) [3:21−mj−07055−MAB] (Entered: 05/06/2021) |
| 05/06/2021 | 6 | NOTICE OF IN−PERSON HEARING as to Joseph P. Counts: Initial Appearance is set for 5/11/2021 at 11:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. (lmt)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. [3:21−mj−07055−MAB] (Entered: 05/06/2021) |
| 05/11/2021 | 7 | Arrest Warrant Returned Executed on 5/6/21 in case as to Joseph P. Counts. (lmb) [3:21−mj−07055−MAB] (Entered: 05/11/2021) |
| 05/11/2021 | 8 | Sealed Personal ID Page to 7 Warrant Returned Executed (lmb) [3:21−mj−07055−MAB] (Entered: 05/11/2021) |
| 05/11/2021 | 9 | DOCKET ANNOTATION AND NOTICE OF RESCHEDULING HEARING as to Joseph P. Counts: The Initial Appearance is RESCHEDULED for 5/17/2021 at 10:30 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. During the originally scheduled Initial Appearance on 5/11/2021, retained counsel David Ferman advised the Court that he had not completed the process of being admitted Pro Hac Vice in the district. Mr. Ferman was directed to properly enter his appearance for defendant prior to 5/17/2021 rescheduled hearing.(lmt)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. [3:21−mj−07055−MAB] (Entered: 05/11/2021) |

| 05/17/2021 | 10 | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty:Initial Appearance as to Joseph P. Counts held on 5/17/2021. AUSA Ali Burns appears on behalf of the Government. Attorney David Ferman appears on behalf of the Defendant. Government requests a continuance of the Preliminary Hearing. Preliminary hearing will be set by separate order from the Court. Defendant remanded to the custody of USMS. (Court Reporter Hannah Jagler.) (jmj) [3:21−mj−07055−MAB] (Entered: 05/17/2021) |
|---|---|---|
| 05/17/2021 | 11 | ORDER OF DETENTION as to Joseph P. Counts. Signed by Magistrate Judge Mark A. Beatty on 5/17/2021. (jmj) [3:21−mj−07055−MAB] (Entered: 05/17/2021) |
| 05/18/2021 | 12 | INDICTMENT as to Joseph P. Counts (1) count 1. (lmb) (Entered: 05/19/2021) |
| 05/19/2021 | 15 | Arrest Warrant Issued as to Joseph P. Counts (lmb) (Entered: 05/19/2021) |
| 05/19/2021 | 16 | Arrest Warrant Returned Unexecuted as to Joseph P. Counts. (clt) (Entered: 05/19/2021) |
| 06/03/2021 | 17 | NOTICE OF HEARING as to Joseph P. Counts Arraignment set for 6/7/2021 at 11:00 AM in the East St. Louis Courthouse in Courtroom 4 before Magistrate Judge Gilbert C. Sison. (cds) (Entered: 06/03/2021) |
| 06/07/2021 | 18 | Minute Entry for proceedings held before Magistrate Judge Gilbert C. Sison:Arraignment held on 6/7/2021. AFPD David Brengle appears in Open Court with Defendant, Joseph P. Counts. AUSA Nathan Stump appears on behalf of USA. The Defendant advised that he has retained Attorney Jeffrey Goldfarb for representation. The Arraignment hearing was continued. The arraignment hearing will be rescheduled by separate notice. (Court Reporter Liberty Recording.) (cds)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/07/2021) |
| 06/09/2021 | 19 | NOTICE OF ATTORNEY APPEARANCE: Jeffrey A. Goldfarb retained to represent Joseph P. Counts (Goldfarb, Jeffrey) (Entered: 06/09/2021) |
| 06/09/2021 | 20 | NOTICE OF HEARING as to Joseph P. Counts Arraignment set for 6/18/2021 at 11:00 AM in the East St. Louis Courthouse before Magistrate Judge Gilbert C. Sison. (cds)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/09/2021) |
| 06/17/2021 | 21 | NOTICE RESETTING HEARING as to Joseph P. Counts : In Recognition of the new Federal Holiday, Juneteenth Independence Day, all matters before this Court are Cancelled. The Arraignment is reset for 6/21/2021 at 11:00 AM in the East St. Louis Courthouse in Courtroom 4 before Magistrate Judge Gilbert C. Sison. (cds)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/17/2021) |
| 06/17/2021 | 22 | First MOTION to Continue *Arraignment* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 06/17/2021) |
| 06/18/2021 | 23 | MOTION to Withdraw Document by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 06/18/2021) |
| 06/18/2021 | 24 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Joseph P. Counts (Goldfarb, Jeffrey) (Entered: 06/18/2021) |
| 06/18/2021 | 25 | ORDER : The defendant Joseph P. Counts, having previously appeared before U.S. Magistrate Judge Mark A. Beatty for an Initial Appearance on Complaint (Doc 1), has filed a Waiver of Arraignment as to the Indictment and enters a plea of not guilty as to all charges.(Doc 24) The Court accepts the waiver and enters Defendant's plea of not guilty to the Indictment. The arraignment set for 6/21/2021 at 11:00 a.m. is hereby CANCELLED. Final Pretrial Conference is set for 7/27/2021 at 9:00 AM and Jury Trial is set for 8/3/2021 at 9:00 AM both in the East St. Louis Courthouse before Judge Stephen P. McGlynn. Signed by Magistrate Judge Gilbert C. Sison on 6/18/2021. (cds)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/18/2021) |
| 06/18/2021 | 26 | ORDER finding as moot 22 Motion to Continue as to Joseph P. Counts (1)and finding as moot 23 Motion to Withdraw Document as to Joseph P. Counts (1)per Order at 25 . Signed by Magistrate Judge Gilbert C. Sison on 6/18/2021. (cds)THIS TEXT ENTRY |

| | | IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/18/2021) |
|---|---|---|
| 07/26/2021 | 27 | First MOTION to Continue *Trial Setting and Pretrial Conference* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 07/26/2021) |
| 07/26/2021 | 28 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on August 3, 2021. By motion filed on July 26, 2021, Defendant seeks to continue the trial. The motion indicates that additional time is needed to discuss discovery in detail with Defendant and to determine if the parties are able to resolve short of trial. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion 27 and **CONTINUES TRIAL to 9:00 a.m. on October 4, 2021. The final pretrial conference is set for 9:00 a.m. on September 27, 2021.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 7/26/2021. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/26/2021) |
| 09/22/2021 | 29 | Second MOTION to Continue *Trial Setting* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | 30 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on October 4, 2021. By motion filed on September 22, 2021, Defendant seeks to continue the trial. The motion indicates that additional time is needed to discuss the discovery in greater detail with Defendant and to review the proposed plea agreement to ensure he understands his rights and options to resolve this matter. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion 29 and **CONTINUES TRIAL to 9:00 a.m. on December 8, 2021. The final pretrial conference is set for 9:00 a.m. on December 1, 2021.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 9/22/2021. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/22/2021) |
| 11/29/2021 | 31 | Third MOTION to Continue *Trial Setting* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 11/29/2021) |
| 11/29/2021 | 32 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on December 8, 2021. By motion filed on November 29, 2021, Defendant seeks to continue the trial. The motion indicates that additional time is necessary as parties are actively negotiating a possible resolution to this matter that would obviate the need for a trial. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion 31 and **CONTINUES TRIAL to 9:00 a.m. on January 25, 2022. The final pretrial conference is set for 9:00 a.m. on January 18, 2022.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 11/29/2021. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/29/2021) |
| 01/11/2022 | 33 | Fourth MOTION to Continue *Trial* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 01/11/2022) |
| 01/11/2022 | 34 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on January 25, 2022. By motion filed on January 11, 2022, Defendant seeks to continue the trial. The motion indicates that additional time is needed as the parties have made considerable progress towards resolution, but additional time is needed to determine how specific facts will be counted under the guidelines. The Government has no objection to the requested continuance of the trial |

| | | |
|---|---|---|
| | | setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion <u>33</u> and **CONTINUES TRIAL to 9:00 a.m. on March 15, 2022. The final pretrial conference is set for 9:00 a.m. on March 8, 2022.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 1/11/2021. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/11/2022) |
| 03/04/2022 | <u>35</u> | Final MOTION to Continue *Trial Setting* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 03/04/2022) |
| 03/07/2022 | 36 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on March 15, 2022. By motion filed on March 4, 2022, Defendant seeks to continue the trial. The motion indicates that additional time is needed as the parties are actively negotiating resolution of this matter but needs additional time to actively research sentencing issues and possible enhancements that may apply. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion <u>35</u> and **CONTINUES TRIAL to 9:00 a.m. on May 2, 2022. The final pretrial conference is set for 9:00 a.m. on April 25, 2022.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 3/7/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2022) |
| 04/20/2022 | 37 | MOTION to Continue *Trial* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 04/20/2022) |
| 04/20/2022 | 38 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on May 2, 2022. By motion filed on April 20, 2022, Defendant seeks to continue the trial. The motion indicates that additional time is needed to meet with Defendant and review all issues of concern. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion <u>37</u> and **CONTINUES TRIAL to 9:00 a.m. on June 16, 2022. The final pretrial conference is set for 9:00 a.m. on June 9, 2022.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 4/20/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/20/2022) |
| 05/19/2022 | <u>39</u> | STRICKEN PER THE ORDER AT DOC 40– MOTION for Revocation of Detention Order by Joseph P. Counts. (clt) Modified on 5/20/2022 (kdw). (Entered: 05/19/2022) |
| 05/20/2022 | 40 | ORDER: Defendant Joseph P. Counts filed this motion pro se, although he is represented by attorney Jeffrey A. Goldfarb. "[A] defendant who is represented by counsel relinquishes the right to file his own pro se submissions." United States v. Khatib, 606 F. Appx 845, 847 (7th Cir. 2015) (citing United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007)). "Representation by counsel and self–representation are mutually exclusive." Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992). So–called "hybrid representation" confuses and extends matters at trial and in other proceedings. See United States v. Oreye, 263 F.3d 669, 672–73 (7th Cir. 2001). The Court may strike as improper any such pro se motions. See, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The Court hereby ORDERS that Defendant Counts's pro se motion (Doc. <u>39</u> ) be STRICKEN. Signed by Judge Stephen P. McGlynn on 5/20/2022. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/20/2022) |
| 06/03/2022 | <u>41</u> | MOTION to Continue *Trial Setting* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 06/03/2022) |

| 06/03/2022 | 42 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Jury trial is scheduled to begin on June 16, 2022. By motion filed on June 3, 2022, Defendant seeks to continue the trial. The motion indicates that additional time in needed as the parties have been working toward a negotiated plea, but Defendant was recently moved to a facility hours away from St. Louis, MO. Defendant was unable to take his file material with him to the new facility and counsel is in the process of getting defendant a copy of all of his discovery. The Government has no objection to the requested continuance of the trial setting. Finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant in a speedy trial, the Court **GRANTS** Defendant's motion [41](#) and **CONTINUES TRIAL to 9:00 a.m. on August 2, 2022. The final pretrial conference is set for 9:00 a.m. on July 26, 2022.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 6/3/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/03/2022) |
|---|---|---|
| 06/03/2022 | 43 | STRICKEN MOTION for Reconsideration re 40 Order on Motion for Miscellaneous Relief,, by Joseph P. Counts. (kdw) Modified on 6/7/2022 (kdw). (Entered: 06/06/2022) |
| 06/07/2022 | 44 | ORDER: Defendant Joseph P. Counts filed this motion pro se, although he is represented by attorney Jeffrey A. Goldfarb. "[A] defendant who is represented by counsel relinquishes the right to file his own pro se submissions." United States v. Khatib, 606 F. Appx 845, 847 (7th Cir. 2015) (citing United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007)). "Representation by counsel and self–representation are mutually exclusive." Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992). So–called "hybrid representation" confuses and extends matters at trial and in other proceedings. See United States v. Oreye, 263 F.3d 669, 672–73 (7th Cir. 2001). The Court may strike as improper any such pro se motions. See, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The Court hereby ORDERS that Defendant Counts's pro se motion (Doc. [43](#) ) be STRICKEN. Signed by Judge Stephen P. McGlynn on 6/7/2022. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/07/2022) |
| 06/23/2022 | 45 | NOTICE OF APPEAL by Joseph P. Counts re 40 Order and 44 Order (Attachments: # [1](#) Exhibit Letter to Clerk of Court, # [2](#) Exhibit Letter to Department of Justice, # [3](#) Exhibit Letter to Court of Appeals).(kls3) (Entered: 06/23/2022) |
| 06/23/2022 | 46 | DOCKETING STATEMENT by Joseph P. Counts re [45](#) Notice of Appeal. (kls3) (Entered: 06/23/2022) |
| 06/23/2022 | 47 | MOTION for Leave to Appeal In Forma Pauperis by Joseph P. Counts. (kls3) Modified on 6/24/2022 (kdw). (Entered: 06/23/2022) |
| 06/23/2022 | 48 | MOTION for Appointment of Counsel by Joseph P. Counts. (kls3) Modified on 6/24/2022 (kdw). (Entered: 06/23/2022) |
| 06/23/2022 | 49 | Transmission of Short Record as to Joseph P. Counts to USCA–7 re [45](#) Notice of Appeal. (kls3) (Entered: 06/23/2022) |
| 06/23/2022 | 50 | Rule 10 Letter. (kls3) (Entered: 06/23/2022) |
| 06/24/2022 | 51 | ORDER: This Court ordered Joseph P. Counts' pro se motions stricken because he is represented by counsel. (Docs. 40, 44.) He has appealed to the Seventh Circuit Court of Appeals (Doc. [45](#) ) and asks for leave to appeal in forma pauperis (Doc. [47](#) ). Plaintiff has not asked to certify his appeal as an interlocutory appeal. For that reason alone, the Court DENIES his Motion for Leave to Appeal in Forma Pauperis. But that is not the only reason. A federal court may permit a party to proceed on appeal without full pre–payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). With that in mind, even if Counts did ask to certify, the orders the Court entered were not final decisions. Furthermore, the contents of the orders do not fall into any of the provisions of 28 U.S.C. §1292 for an interlocutory appeal. As a result, Counts is seeking review of non–appealable orders. |

Additionally, this Court does not have the authority to appoint counsel on appeal; only the Court of Appeals can make such appointments once a notice of appeal has been filed. For that reason, the Court DENIES Counts' Motion for Appointment of Counsel. (Doc. 48 .) If not made abundantly clear before, the Court suggests that Counts contact his attorney to file any further motions, whether for revocation of detention or any other relief. Signed by Judge Stephen P. McGlynn on 6/24/2022. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/24/2022)

| | | |
|---|---|---|
| 06/24/2022 | 52 | USCA Case Number as to Joseph P. Counts 22−2116 for 45 Notice of Appeal − Interlocutory filed by Joseph P. Counts. (Attachments: # 1 Docketing Statement)(jlh) (Entered: 06/24/2022) |
| 07/06/2022 | 53 | ORDER of USCA (certified copy) as to Joseph P. Counts re 45 Notice of Appeal − Interlocutory (Attachments: # 1 Fee Notice)(adh) (Entered: 07/06/2022) |
| 07/07/2022 | 54 | STRICKEN PER ORDER AT DOC 56− MOTION to Amend Detention Order by Joseph P. Counts. (lmb) Modified on 7/11/2022 (kdw). (Entered: 07/08/2022) |
| 07/07/2022 | 55 | STRICKEN PER ORDER AT DOC 56− MOTION for Revocation of Detention Order by Joseph P. Counts. (lmb) Modified on 7/11/2022 (kdw). (Entered: 07/08/2022) |
| 07/08/2022 | 56 | ORDER: Defendant Joseph P. Counts filed his motions pro se, although he is represented by attorney Jeffrey A. Goldfarb. "[A] defendant who is represented by counsel relinquishes the right to file his own pro se submissions." United States v. Khatib, 606 F. Appx 845, 847 (7th Cir. 2015) (citing United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007)). "Representation by counsel and self−representation are mutually exclusive." Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992). So−called "hybrid representation" confuses and extends matters at trial and in other proceedings. See United States v. Oreye, 263 F.3d 669, 672−73 (7th Cir. 2001). The Court may strike as improper any such pro se motions. See, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The Court hereby ORDERS that Defendant Counts's pro se motions (Docs. 54 , 55 ) be STRICKEN.. Signed by Judge Stephen P. McGlynn on 7/8/2022. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/08/2022) |
| 07/08/2022 | 57 | MOTION for Sanctions by Joseph P. Counts. (lmb) (Entered: 07/08/2022) |
| 07/11/2022 | 58 | JURISDICTIONAL MEMORANDUM by Joseph P. Counts (lmb) (Entered: 07/11/2022) |
| 07/12/2022 | 59 | ORDER: The Court construes the recent documents filed by Defendant Joseph P. Counts, including Doc. 57 , as expressing ineffective assistance of counsel. The Court sets this matter for a Zoom video conference on **July 20, 2022 at 10:30 a.m.** before Judge Stephen P. McGlynn. At the hearing, the Court will determine the attorney−client relationship and other matters. Parties will receive a Zoom invitation via e−mail. Signed by Judge Stephen P. McGlynn on 7/12/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/12/2022) |
| 07/12/2022 | 60 | ORDER: Due to a conflict in the Court's schedule, the zoom status hearing scheduled for 7/20/2022 at 10:30 AM is being changed to 11:00 AM. Please note that this is a time change ONLY for the zoom status hearing. Signed by Judge Stephen P. McGlynn on 7/12/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/12/2022) |
| 07/12/2022 | 61 | ORDER RESETTING STATUS CONFERENCE: Court was notified by Jefferson County that the jail cannot hold Zoom conferences during lunch time hours therefore, the Court RESETS the Zoom video Status Conference to **7/20/2022 at 1:30 p.m.**. Signed by Judge Stephen P. McGlynn on 7/12/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/12/2022) |
| 07/18/2022 | 62 | MOTION to Amend by Joseph P. Counts. (lmb) (Entered: 07/19/2022) |
| 07/20/2022 | 63 | Minute Entry for proceedings held before Judge Stephen P. McGlynn: Zoom video Status Hearing held on 7/20/2022. AUSA Ali Burns participated on behalf of the Government. Attorney Jeff Goldfarb participated along with the Defendant from |

| | | |
|---|---|---|
| | | Jefferson County Jail. Final Pretrial Conference scheduled for 7/26/2022 at 9:00 AM is being converted from in–person hearing to Zoom video conference on **7/26/2022 at 10:00 AM** before Judge Stephen P. McGlynn. Parties will receive a Zoom invitation via e–mail. (Court Reporter Hannah Jagler.) (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/20/2022) |
| 07/25/2022 | <u>64</u> | MOTION for Bond by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 07/25/2022) |
| 07/26/2022 | 65 | Minute Entry for proceedings held before Judge Stephen P. McGlynn: Final Pretrial Conference as to Joseph P. Counts held on 7/26/2022. Court grants oral Motion to Continue the Final Pretrial Conference and Trial dates. <u>57</u> MOTION for Sanctions and <u>62</u> MOTION to Amend/Correct are MOOT. Order to issue for new FPTC and Trial dates. (Court Reporter Hannah Jagler.) (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/26/2022) |
| 07/26/2022 | 66 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Final Pretrial Conference set for 10/24/2022 at 9:00 AM in East St. Louis Courthouse before Judge Stephen P. McGlynn. Jury Trial set for 11/7/2022 at 9:00 AM in East St. Louis Courthouse before Judge Stephen P. McGlynn. The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 7/26/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/26/2022) |
| 08/05/2022 | 67 | NOTICE OF HEARING ON MOTION as to Joseph P. Counts <u>64</u> MOTION for Bond : Motion Hearing set for 8/10/2022 at 1:00 PM in East St. Louis Courthouse before Magistrate Judge Gilbert C. Sison. (jmj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/05/2022) |
| 08/08/2022 | <u>68</u> | STRICKEN PER THE ORDER AT DOC 81– MOTION for Sanctions by Joseph P. Counts. (lmb) Modified on 9/14/2022 (kdw). (Entered: 08/08/2022) |
| 08/09/2022 | 69 | NOTICE RESETTING OF HEARING ON MOTION as to Joseph P. Counts <u>64</u> MOTION for Bond : Due to a conflict in the Court's schedule, the Motion Hearing set for August 10, 2022 at 1:00 PM before Magistrate Judge Gilbert C. Sison is CANCELED and RESET for **8/15/2022 at 10:30 AM** in East St. Louis Courthouse before **Magistrate Judge Mark A. Beatty**. (jmj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/09/2022) |
| 08/12/2022 | 70 | NOTICE RESETTING HEARING ON MOTION as to Joseph P. Counts <u>64</u> MOTION for Bond: At the request of the parties, the Motion Hearing set for 8/15/2022 at 10:30 AM is RESET for 8/15/2022 at 9:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty in the visiting Judge's Courtroom. THIS IS A TIME CHANGE ONLY.(jmj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/12/2022) |
| 08/15/2022 | <u>71</u> | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty:AUSA Ali Burns appears on behalf of the Government. Attorney Jeffrey Goldfarb appears on behalf of the Defendant. Defendant requests a continuance of the Motion Hearing. The Court GRANTS this request. Motion hearing to be reset by separate order. (Court Reporter Hannah Jagler.) (jmj) (Entered: 08/15/2022) |
| 08/15/2022 | 72 | NOTICE OF HEARING ON MOTION as to Joseph P. Counts <u>64</u> MOTION for Bond : Motion Hearing set for 8/22/2022 at 10:30 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty in the Visiting Judge's Courtroom. (jmj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/15/2022) |
| 08/16/2022 | <u>73</u> | NOTICE OF ATTORNEY APPEARANCE Kimberly S. Arshi appearing for USA. (Arshi, Kimberly) (Entered: 08/16/2022) |
| 08/22/2022 | <u>74</u> | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty:Motion Hearing as to Joseph P. Counts held on 8/22/2022 re <u>64</u> MOTION for Bond filed by |

| | | Joseph P. Counts. AUSA Ali Burns appears on behalf of the Government. Attorney Jeff Goldfarb appears on behalf of the Defendant. Defendant's Motion for Bond taken UNDER ADVISEMENT. (Court Reporter Hannah Jagler.) (jmj) (Entered: 08/22/2022) |
|---|---|---|
| 08/23/2022 | 75 | NOTICE *of Manual Filing* as to Joseph P. Counts re 74 Motion Hearing, (Burns, Alexandria) (Entered: 08/23/2022) |
| 08/31/2022 | 77 | MOTION to Expedite by Joseph P. Counts. (jlh) (Entered: 09/01/2022) |
| 09/01/2022 | 76 | Letter from Joseph Counts (jlh) (Entered: 09/01/2022) |
| 09/01/2022 | 78 | Letter − Remembered Exculpatory Evidence from Joseph Counts (jlh) (Entered: 09/01/2022) |
| 09/12/2022 | 79 | Letter requesting forms from Joseph Counts. (jlh) (Entered: 09/12/2022) |
| 09/13/2022 | 80 | ORDER denying 64 Motion for Bond as to Joseph P. Counts. Signed by Magistrate Judge Mark A. Beatty on 9/13/2022. (Entered: 09/13/2022) |
| 09/14/2022 | 81 | ORDER: Defendant Joseph P. Counts filed another motion pro se even though he is represented by attorney Jeffrey A. Goldfarb. The Court has warned him not to do so several times verbally and through written order. "[A] defendant who is represented by counsel relinquishes the right to file his own pro se submissions." United States v. Khatib, 606 F. Appx 845, 847 (7th Cir. 2015) (citing United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007)). "Representation by counsel and self−representation are mutually exclusive." Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992). So−called "hybrid representation" confuses and extends matters at trial and in other proceedings. See United States v. Oreye, 263 F.3d 669, 672−73 (7th Cir. 2001). The Court may strike as improper any such pro se motions. See, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The Court hereby ORDERS that Defendant Counts's pro se motion − Doc. 68 − be STRICKEN. Signed by Judge Stephen P. McGlynn on 9/14/2022. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/14/2022) |
| 09/14/2022 | 82 | ORDER: Defendant's pro se motion to expedite 77 is DENIED as MOOT in light of the Court's Order denying his motion for bond (See Doc. 80 ). Signed by Magistrate Judge Mark A. Beatty on 9/14/2022. (jmj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/14/2022) |
| 09/21/2022 | 83 | MANDATE of USCA (certified copy) as to Joseph P. Counts re 45 Notice of Appeal − Interlocutory (Attachments: # 1 Certified Order, # 2 Rehearing Denial)(aza) (Entered: 09/21/2022) |
| 10/24/2022 | 84 | Minute Entry for proceedings held before Judge Stephen P. McGlynn: Final Pretrial Conference as to Joseph P. Counts held on 10/24/2022. AUSA Ali Burns and Kimberly Arshi appeared on behalf of the Government. Jeffrey Goldfarb appeared along with Defendant. (Court Reporter Hannah Jagler.) (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/24/2022) |
| 10/26/2022 | 85 | NOTICE *of Expert Witnesses* as to Joseph P. Counts (Attachments: # 1 Attachment A, # 2 Attachment B)(Arshi, Kimberly) (Entered: 10/26/2022) |
| 10/28/2022 | 86 | NOTICE from defendant, Joseph P. Counts as to Motion for Sanctions filed in case # 22AB−PN00503, Court ORI #MO 036043J.(jlrr) (Additional attachment(s) added on 10/31/2022: # 1 Exhibit) (aza). (Entered: 10/28/2022) |
| 10/28/2022 | 87 | NOTICE from Defendant as to Joseph P. Counts (aza) (Entered: 10/28/2022) |
| 10/31/2022 | 88 | NOTICE *of Additional Expert Witness* as to Joseph P. Counts (Attachments: # 1 Exhibit A)(Arshi, Kimberly) (Entered: 10/31/2022) |
| 10/31/2022 | 89 | MOTION to Continue *Trial Setting* by Joseph P. Counts. (Goldfarb, Jeffrey) (Entered: 10/31/2022) |

| | | |
|---|---|---|
| 11/01/2022 | 90 | NOTICE OF HEARING ON MOTION as to Joseph P. Counts 89 MOTION to Continue Trial Setting: Motion Hearing set via telephone on 11/2/2022 at 2:30 PM before Judge Stephen P. McGlynn. Instructions to join the phone conference are as follows: Call toll free **1−888−684−8852**, when prompted enter access code **6102338**, when prompted enter the four−digit security code **9374**. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/01/2022) |
| 11/02/2022 | 91 | Minute Entry for proceedings held before Judge Stephen P. McGlynn: Motion Hearing held by telephone on 11/2/2022 re Defendant's Motion to Continue Trial Setting 89 . AUSA Kim Arshi participated on behalf of the Government. Attorney Jeff Goldfarb participated on behalf of the Defendant. Motion is GRANTED. Order to issue. (Court Reporter Hannah Jagler.) (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/02/2022) |
| 11/02/2022 | 92 | ORDER TO CONTINUE – Ends of Justice as to Joseph P. Counts. Pretrial Conference set for 12/27/2022 at 1:30 PM in East St. Louis Courthouse before Judge Stephen P. McGlynn. Jury Trial set for 1/10/2023 at 9:00 AM in East St. Louis Courthouse before Judge Stephen P. McGlynn. Signed by Judge Stephen P. McGlynn on 11/2/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/02/2022) |
| 11/03/2022 | 93 | ORDER: Due to a conflict in the Court's schedule, the Final Pretrial Conference scheduled for 12/27/2022 at 1:30 PM is being changed to 1/3/2023 at 9:00 AM in the East St. Louis Courthouse before Judge Stephen P. McGlynn. Signed by Judge Stephen P. McGlynn on 11/3/2022. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/03/2022) |
| 11/16/2022 | 94 | Letter from Defendant (aza) (Entered: 11/17/2022) |
| 12/01/2022 | 95 | Letter from Defendant (aza) (Entered: 12/02/2022) |
| 01/03/2023 | 97 | Sealed Order as to Joseph P. Counts GRANTING 96 Ex Parte Motion *for Examination to Determine Mental Competency*. Signed by Judge Stephen P. McGlynn on 1/3/2023. (anb2) (Entered: 01/03/2023) |
| 01/03/2023 | 98 | Minute Entry for proceedings held before Judge Stephen P. McGlynn: Final Pretrial Conference held on 1/3/2023. AUSA Ali Burns and Kimberly Arshi appeared on behalf of the Government. Attorney Jeffrey Goldfarb appeared along with Defendant Joseph Counts. Order to issue resetting FPTC and Trial dates. (Court Reporter Hannah Jagler.) (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/03/2023) |
| 01/03/2023 | 99 | ORDER TO CONTINUE – Ends of Justice as to Joseph Counts. Jury trial is scheduled to begin on January 10, 2023. As the Court continued the trial due to the granting of Defendants Motion for Psych Examintion, the Court **CONTINUES TRIAL to 9:00 a.m. on April 13, 2023. The final pretrial conference is reset for 9:00 a.m. on April 6, 2023.** The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). Signed by Judge Stephen P. McGlynn on 1/3/2023. (jsm2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/03/2023) |
| 01/04/2023 | 100 | Excludable started as to Joseph P. Counts (jlrr) (Entered: 01/04/2023) |
| 01/06/2023 | 101 | STRICKEN: MOTION to Continue by Joseph P. Counts. (aza) (Entered: 01/06/2023) |
| 01/06/2023 | 103 | MOTION for Removal of Counsel by Joseph P. Counts. (aza) (Entered: 01/09/2023) |
| 01/06/2023 | 104 | MOTION to Continue by Joseph P. Counts. (aza) (Entered: 01/09/2023) |
| 01/09/2023 | 102 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 101 Motion to Continue filed by Joseph P. Counts. (aza)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/09/2023) |

| | | |
|---|---|---|
| 01/09/2023 | 105 | MOTION to Stay by Joseph P. Counts. (aza) (Entered: 01/09/2023) |
| 01/09/2023 | 106 | SEALED Letter from Joseph Counts. (aza) (Entered: 01/09/2023) |
| 01/09/2023 | 110 | Sealed Letter as to Joseph P. Counts. (jsm2) (Entered: 01/10/2023) |
| 01/10/2023 | 107 | ORDER: Joseph P. Counts' pro se 104 Motion to Continue DENIED as MOOT. The Court previously continued trial to April 13, 2023. Signed by Judge Stephen P. McGlynn on 1/10/2023. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/10/2023) |
| 01/10/2023 | 108 | ORDER: Joseph P. Counts' 105 Motion Stay DENIED. Signed by Judge Stephen P. McGlynn on 1/10/2023. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/10/2023) |
| 01/10/2023 | 109 | ORDER: Counsel for Plaintiff Joseph P. Counts shall respond to the 103 Motion for Removal of Counsel on or before 1/17/2023. Signed by Judge Stephen P. McGlynn on 1/10/2023. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/10/2023) |
| 01/10/2023 | 111 | SEALED MOTION for Reconsideration by Joseph P. Counts. (jlrr) (Entered: 01/11/2023) |
| 01/11/2023 | 112 | SEALED Letter as to Joseph P. Counts (jlh) (Entered: 01/11/2023) |
| 01/11/2023 | 114 | NOTICE OF APPEAL (Interlocutory) by Joseph P. Counts re 97 Sealed Order, Terminate Motions. Filing fee $ 505. (aza) (Entered: 01/12/2023) |
| 01/11/2023 | 115 | NOTICE OF APPEAL (Interlocutory) by Joseph P. Counts re 80 Order on Motion for Bond. Filing fee $ 505. (aza) (Entered: 01/12/2023) |
| 01/11/2023 | 116 | Transmission of Short Record as to Joseph P. Counts to US Court of Appeals re 115 Notice of Appeal – Interlocutory (aza) (Entered: 01/12/2023) |
| 01/11/2023 | 117 | Transmission of Short Record as to Joseph P. Counts to US Court of Appeals re 114 Notice of Appeal – Interlocutory (aza) (Entered: 01/12/2023) |
| 01/11/2023 | 118 | Rule 10 Letter (aza) (Entered: 01/12/2023) |
| 01/11/2023 | 119 | Rule 10 Letter (aza) (Entered: 01/12/2023) |
| 01/12/2023 | 113 | ORDER: Defendant filed the instant 111 Sealed Motion, in which he cites not a single case or Rule of Criminal Procedure that allows the Court to reconsider its previous ruling. "There is no authority in the Federal Rules of Criminal Procedure for a motion for reconsideration." United States v. Griffin, 84 F.3d 820, 826 n.4 (7th Cir. 1996). Accordingly, Defendant's Sealed Motion is DENIED. Signed by Judge Stephen P. McGlynn on 1/12/2023. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/12/2023) |